**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

LEO REFUERZO,

    Plaintiff,

v.

JASON GALLEGOS, in his individual and official capacity,
JAMES D. HINRICHS, in his individual and official capacity,

    Defendants.

_____

**COMPLAINT**
_____

    Plaintiff LEO REFUERZO, by and through his attorney, David A. Lane, of KILLMER, LANE & NEWMAN, LLP, respectfully alleges for his Complaint as follows:

**INTRODUCTION**

    1.    This is an action for damages against the Defendants for violating Plaintiff's rights under the Fourth and First Amendments to the Constitution. Mr. Refuerzo alleges that Defendant Gallegos violated his Fourth Amendment rights when, intentionally, knowingly, recklessly, and with deliberate indifference to his constitutional rights, he subjected him to an intrusive, unjustified, and illegal search and seizure without any basis for believing he was engaged in criminal activity. Plaintiff alleges that Defendant Hinrichs violated Plaintiff's First Amendment rights by issuing him a summons and complaint in retaliation for Plaintiff bringing a complaint to the police about Defendant Gallegos' misconduct. Defendants' conduct under color of state law proximately caused the deprivation of Mr. Refuerzo's federally protected rights.

## JURISDICTION & VENUE

2. This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and 42 U.S.C. § 1983. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331, 1343 and 2201. Jurisdiction supporting Mr. Howard's claim for attorney fees is conferred by 42 U.S.C. § 1988.

3. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b). All of the events alleged herein occurred within the state of Colorado, and all of the parties are residents of the state. At all pertinent times mentioned herein, Defendants were employed by the Adams County, Colorado Sheriffs office and was acting under color of state law at the time of this incident.

## PARTIES

4. At all pertinent times mentioned herein, Plaintiff Leo Refuerzo was a citizen of the United States of America and a resident of Colorado.

5. At all pertinent times mentioned herein, Defendants were employed as law enforcement officers and were acting within the scope of their duties and employment, under color and authority of state law, and in their capacities as law enforcement officers and in their individual capacities.

## FACTUAL BACKGROUND

6. On September 25, 2004, Plaintiff and a friend were in Lafayette Park in Adams County, Colorado.

7. Plaintiff and his friend had in their possession an air rifle, which was a toy gun which shot 6 millimeter plastic BBs which are less powerful than a paintball or BB gun.

8. Plaintiff and his friend were playing with it when they were confronted by Defendant Gallegos who had drawn his gun and aimed it at them, telling them to drop the weapon and get on the ground.

9. Plaintiff and his friend both complied with the Defendant's lawful order.

10. Defendant handcuffed Plaintiff and his friend, retrieved the toy gun and examined it. Plaintiff's friend was explaining to Defendant that it was a toy gun.

11. Defendant at that point knew that the gun was a toy and that no criminal violation had occurred, yet kept Plaintiff in handcuffs on the ground for approximately one-half hour.

12. When Plaintiff and his friend attempted to explain to the Defendant that the gun was merely a toy, Defendant stepped on Plaintiff's back, placed his service weapon at the head of Plaintiff and screamed loudly "Shut the fuck up or I'll blow your fucking brains out!"

13. Other officers appeared and an officer then told Plaintiff that he was going to jail if he did not permit the officers to search his vehicle, so Plaintiff permitted a vehicle search.

14. Finally, the Plaintiff was freed and his toy gun was taken from him by Defendant.

15. Several days later Plaintiff went to the Adams County Sheriff's office to retrieve his toy gun and to register a complaint against Defendant Gallegos.

16. Upon arriving at the Sheriff's office and making Defendant Hinrichs aware that Plaintiff wished to complain about Defendant Gallegos, Plaintiff received a summons and complaint from Defendant James D. Hinrichs for disorderly conduct.

17. The disorderly conduct charges were all dismissed by the Adams County Court.

18. At no time did Plaintiff ever violate any law giving any officer probable cause to believe he had violated any law.

19. While Defendant Gallegos' first encounter with Plaintiff reasonably involved Gallegos being fearful of a weapon thus warranting him to have drawn his gun, once Gallegos ascertained that it was a toy, he was not legally justified in holding his weapon to Plaintiff's head, stepping on his back and screaming that he should "shut the fuck up or I'll blow your fucking brains out."

20. Defendant Hinrichs at no time had probable cause to believe that Plaintiff had violated the disorderly conduct statute and in fact issued the summons and complaint to Plaintiff in retaliation for Plaintiff exercising his rights under the First Amendment to complain about Defendant Gallegos' misconduct.

**FIRST CLAIM FOR RELIEF**
(§ 1983 Fourth Amendment Violation – Unlawful Search
Defendant Gallegos only)

21. Mr. Refuerzo incorporates all other paragraphs of this Complaint for purposes of this claim.

22. The actions of Defendant Gallegos as described herein, while acting under color of state and federal law, intentionally deprived Mr. Refuerzo of the securities, rights, privileges, liberties, and immunities secured by the Constitution of the United States of America, including his right to freedom from unlawful searches as guaranteed by the Fourth Amendment to the Constitution of the United States of America and 42 U.S.C. §1983, in that the Defendants had no probable cause or reasonable suspicion to believe that Mr. Refuerzo had committed any violation of the law prior to searching his person pursuant to the unlawful arrest.

23. Defendant deliberately and improperly accosted Mr. Refuerzo and intentionally, knowingly, and recklessly subjected him to an illegal, demeaning, and invasive search without

any reasonable justification.

24. Defendant's conduct proximately caused damages to Mr. Refuerzo.

## SECOND CLAIM FOR RELIEF
(§ 1983 Fourth Amendment Violation – Unlawful Seizure
Defendant Gallegos only)

25. Mr. Refuerzo incorporates all other paragraphs of this Complaint for purposes of this claim.

26. The actions of Defendant as described herein, while acting under color of state and federal law, intentionally deprived Mr. Refuerzo of the securities, rights, privileges, liberties, and immunities secured by the Constitution of the United States of America, including his right to freedom from unlawful seizure as guaranteed by the Fourth Amendment to the Constitution of the United States of America and 42 U.S.C. §1983 in that Mr. Refuerzo was threatened with death and restrained in his freedom for approximately one-half hour without probable cause to believe he had committed any offense.

27. Defendant intentionally, knowingly, recklessly, and excessively subdued, restrained, detained and falsely arrested Mr. Refuerzo, without any reasonable justification or probable cause.

28. Defendants' conduct proximately caused significant injuries, damages, and losses to Mr. Refuerzo.

## THIRD CLAIM FOR RELIEF
(§ 1983 First Amendment Violation – Retaliation for Exercise of Free Speech
Defendant Hinrichs only)

29. Mr. Refuerzo incorporates all other paragraphs of this Complaint for purposes of this claim.

30. In criticizing the actions of Gallegos and in seeking to file an internal affairs complaint against him, Mr. Refuerzo was engaging in the constitutionally protected activity of free speech and petitioning his government for redress.

31. Mr. Refuerzo's speech was related to matters of public concern.

32. The Defendant's acts of intimidating, threatening, searching, and falsely issuing a summons and complaint to Mr. Refuerzo were motivated by Mr. Refuerzo's exercise of constitutionally protected conduct.

33. Defendant's actions caused Mr. Refuerzo to suffer injuries that would chill a person of ordinary firmness from continuing to engage in such constitutionally protected activity.

34. Defendant's conduct violated clearly established rights belonging to Mr. Refuerzo of which reasonable persons in Defendants' position knew or should have known.

35. Defendant's acts were done under color of state and/or federal law.

36. Defendant engaged in the conduct described by this Complaint intentionally, knowingly, willfully, wantonly maliciously, and in reckless disregard of Mr. Refuerzo's federally protected constitutional rights.

37. Defendant's conduct proximately caused significant injuries, damages and losses to Mr. Refuerzo.

WHEREFORE, Mr. Refuerzo respectfully requests that this Court enter judgment in his favor and against the Defendants, and grant:

(a)   Appropriate declaratory and other injunctive and/or equitable relief;

(b)   Compensatory and consequential damages, including damages for emotional distress, loss of reputation, humiliation, loss of enjoyment of life, and other pain and

suffering on all claims allowed by law in an amount to be determined at trial;

(c) All economic losses on all claims allowed by law;

(d) Punitive damages on all claims allowed by law and in an amount to be determined at trial;

(e) Attorneys fees and the costs associated with this action, including those associated with having to defend against the false criminal charge as well as expert witness fees, on all claims allowed by law;

(f) Pre- and post-judgment interest at the lawful rate.

(g) Any further relief that this court deems just and proper, and any other relief as allowed by law.

PLAINTIFF REQUESTS A TRIAL TO A JURY ON ALL ISSUES SO TRIABLE.

Dated this ____ day of September, 2006.

KILLMER, LANE & NEWMAN, LLP

s/ David A. Lane

_____

David A. Lane
The Oddfellows Hall
1543 Champa Street, Suite 400
Denver, Colorado 80202
(303) 571-1000
dlane@killmerlane.com
Attorneys for Plaintiff