# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01893-RPM

LEO REFUERZO,

    Plaintiff,

v.

JASON GALLEGOS, in his individual and official capacity,
JAMES D. HINRICHS, in his individual and official capacity,

    Defendants.

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The Scheduling Conference in this matter was held before Judge Richard P. Matsch on November 30, 2006 at 4:30 pm in the Conference Room, Second Floor at the Byron White U.S. Courthouse, 18th and Stout Street, Denver, Colorado.

The following appeared as counsel on behalf of the parties:

David A. Lane. Esq.
Marcel Krzystek, Esq.
KILLMER, LANE, & NEWMAN, LLP
1543 Champa Street, Suite 400
Denver, Colorado  80202
(303) 571-1000
*Counsel for Plaintiff*

Lawrence Lee
Heidi M. Miller
Assistant County Attorneys
Adams County Attorney's Office
450 S. 4th Avenue

Brighton, Colorado  80601
(303) 654-6116
*Counsel for Defendants*

## 2. STATEMENT OF JURISDICTION

Plaintiff's allegations arise under the Constitution and laws of the United States, including Article III, Section 2, Clause 1 of the United States Constitution and 42 U.S.C. § 1983. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1343.

Defendants do not contest jurisdiction.

## 3. STATEMENT OF CLAIMS AND DEFENSES

*a.    Plaintiff:*

This is an action for damages against the Defendants for violating Plaintiff's rights under the Fourth and First Amendments to the Constitution.  Mr. Refuerzo alleges that Defendant Gallegos violated his Fourth Amendment rights when, intentionally, knowingly, recklessly, and with deliberate indifference to his constitutional rights, he subjected him to an intrusive, unjustified, and illegal search and seizure without any basis for believing he was engaged in criminal activity.  Plaintiff alleges that Defendant Hinrichs violated Plaintiff's First Amendment rights by issuing him a summons and complaint in retaliation for Plaintiff bringing a complaint to the police about Defendant Gallegos' misconduct.  Defendants' conduct under color of state law proximately caused the deprivation of Mr. Refuerzo's federally protected rights.

On September 25, 2004, Plaintiff and a friend were in Lafayette Park in Adams County, Colorado.  Plaintiff and his friend had in their possession an air rifle, which was a toy gun which shot 6 millimeter plastic BBs which are less powerful than a paintball or BB gun.  Plaintiff and his friend were playing with it when they were confronted by Defendant Gallegos who had

2

drawn his gun and aimed it at them, telling them to drop the weapon and get on the ground. Plaintiff and his friend both complied with the Defendant's lawful order. Defendant handcuffed Plaintiff and his friend, retrieved the toy gun and examined it. Plaintiff's friend was explaining to Defendant that it was a toy gun. Defendant at that point knew that the gun was a toy and that no criminal violation had occurred, yet kept Plaintiff in handcuffs on the ground for approximately one-half hour.

When Plaintiff and his friend attempted to explain to the Defendant that the gun was merely a toy, Defendant stepped on Plaintiff's back, placed his service weapon at the head of Plaintiff and screamed loudly "Shut the fuck up or I'll blow your fucking brains out!" Other officers appeared and an officer then told Plaintiff that he was going to jail if he did not permit the officers to search his vehicle, so Plaintiff permitted a vehicle search. Finally, the Plaintiff was freed and his toy gun was taken from him by Defendant.

Several days later Plaintiff went to the Adams County Sheriff's office to retrieve his toy gun and to register a complaint against Defendant Gallegos. Upon arriving at the Sheriff's office and making Defendant Hinrichs aware that Plaintiff wished to complain about Defendant Gallegos, Plaintiff received a summons and complaint from Defendant James D. Hinrichs for disorderly conduct. The disorderly conduct charges were all dismissed by the Adams County Court.

At no time did Plaintiff ever violate any law giving any officer probable cause to believe he had violated any law. While Defendant Gallegos' first encounter with Plaintiff reasonably involved Gallegos being fearful of a weapon thus warranting him to have drawn his gun, once Gallegos ascertained that it was a toy, he was not legally justified in holding his weapon to

Plaintiff's head, stepping on his back and screaming that he should "shut the fuck up or I'll blow your fucking brains out."

Defendant Hinrichs at no time had probable cause to believe that Plaintiff had violated the disorderly conduct statute and in fact issued the summons and complaint to Plaintiff in retaliation for Plaintiff exercising his rights under the First Amendment to complain about Defendant Gallegos' misconduct.

Mr. Refuerzo asserts three claims for relief against Defendants: 1.) Unlawful Search in violation of the Fourth Amendment (Against Defendant Gallegos); 2.) Unlawful Seizure in violation of the Fourth Amendment (Against Defendant Gallegos); 3.) Retaliation for Exercise of Free Speech in violation of the First Amendment (Against Defendant Hinrichs). All claims are brought under 42 U.S.C. § 1983.

  b. *Defendants:*

Defendants deny the allegations that support Plaintiff's claims. Defendants' actions were reasonable and necessary under the circumstances.

## 4. UNDISPUTED FACTS

  a. At all pertinent times mentioned herein, Defendants were employed as law enforcement officers, were acting within the scope of their duties and employment, under color and authority of state law, and in their capacities as law enforcement officers.

## 5. COMPUTATION OF DAMAGES

a. *Plaintiff:*

Plaintiff claims appropriate declaratory and other injunctive and/or equitable relief, as well as compensatory and consequential damages, including damages for emotional distress, loss

of reputation, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial. Furthermore, Plaintiff claims all economic losses on all claims allowed by law; punitive damages on all claims against those defendants allowed by law and in an amount to be determined at trial; attorneys fees and the costs of this action, including expert witness fees, on all claims allowed by law; pre- and post-judgment interest at the lawful rate and any further relief that this court deems just and proper, and any other relief as allowed by law. A more detailed description of the Plaintiffs' damages will be provided to the Defendants in the normal course of discovery.

 *b. Defendants:*

Defendants do not seek damages from Plaintiff.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. The parties conducted a meeting pursuant to Fed. R. Civ. P. 26(f) on November 21, 2006.

b. Participants in the meeting were as follows:

 (1) Marcel Krzystek *(Counsel for Plaintiff)*

 (2) Heidi Miller *(Counsel for Defendants)*

c. The parties do not propose any changes to the requirements of Fed.R.Civ.P. 26(a)(1).

d. The parties shall exchange Fed.R.Civ.P. 26(a)(1) disclosures on or before December 22, 2006.

e. The parties have not agreed to any informal discovery at this time.

f. The parties do not anticipate that their claims and defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will

involve information or records maintained in electronic form. However, should an issue involving electronically stored information arise, the parties agree to adhere to The Sedona Principles: Best Practices, Recommendations & Principles for Addressing Electronic Documentation Discovery (The Sedona Conference Working Group Series, July 2005 Version).

### 7. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: **January 5, 2007**.

b. Discovery Cut-off: **June 29, 2007**.

c. Dispositive Motion Deadline: **July 31, 2007**.

d. Expert Witness Disclosure:

  (1) (A) Plaintiff:

  Anticipated field(s) of expert testimony: Plaintiff does not anticipate the designation of any expert witnesses.

  (B) Defendants:

  Anticipated field(s) of expert testimony: Defendants do not anticipate the designation of expert witnesses in this case.

  (2) Parties agree to limit the number of experts to two per side.

  (3) The Parties shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **April 30, 2007**.

  (4) The Parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **May 30, 2007**.

(5) Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

e. Deposition Schedule:

Deposition Schedule:

| Name of Deponent* | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| LEO REFUERZO | TBA | TBA | 7 Hrs. |
| JASON GALLEGOS | TBA | TBA | 4 Hrs. |
| JAMES D. HINRICHS | TBA | TBA | 4 Hrs. |
| FRIEND OF PLAINTIFF (name unknown) | TBA | TBA | 4 Hrs. |

\* The parties reserve the right to take additional depositions of persons identified in the parties' disclosures and through the course of discovery.

f. Interrogatory Schedule:

All interrogatories must be mailed no later than **May 25, 2007**, so that they may be responded to by the discovery cut-off date of **June 29, 2007**.

g. Schedule for Request for Production of Documents:

All requests for production of documents must be mailed no later than **May 25, 2007**, so that they may be responded to by the discovery cut-off date of **June 29, 2007**.

h. Discovery Limitations:

(1) The parties shall be limited to each party plus ten (10) depositions per side, excluding expert witnesses.

(2) A deposition is limited to one day of seven hours as provided in Fed. R. Civ. P. 30(d)(2).

(3) The parties each may take ten (10) fact depositions per side in addition to each party and expert witnesses. Each side may serve twenty-five (25) interrogatories on the opposing party, including all discrete subparts.

(4) Each side may serve a total of twenty-five (25) requests for production of documents and a total of twenty-five (25) requests for admissions.

(5) Other Planning or Discovery Orders: The parties anticipate that entry of a Protective Order may be necessary, and, if so, will submit a proposed Order later in the course of litigation.

(6) All parties agree to send and receive all discovery in electronic form and agree that all discovery requests will be in electronic form.

i. Deadline to consent to the jurisdiction of a Magistrate Judge: **July 6, 2007.**

## 8. SETTLEMENT

The parties agree to work in good faith toward the settlement of this matter.

## 9. OTHER SCHEDULING ISSUES

a. There are no other discovery or scheduling issues on which counsel, after a good faith effort, were unable to reach an agreement.

b. The anticipated length of trial to a jury is four (4) days.

## 10. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this 30 day of November, 2006.

8

BY THE COURT:

_____
United States District Judge

SCHEDULING ORDER REVIEWED:

s/ Marcel Krzystek
_____
Marcel Krzystek, Esq.
David A. Lane, Esq.
KILLMER, LANE & NEWMAN, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
Telephone: (303) 571-1000
FAX: (303) 571-1001
E-mail: mkrzystek@killmerlane.com
*Counsel for Plaintiff*

s/ Heidi M. Miller
_____
Heidi M. Miller
Lawrence Lee
Assistant County Attorneys
Adams County Attorney's Office
450 S. 4th Avenue
Brighton, Colorado   80601
(303) 654-6116
*Counsel for Defendants*

9