IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01893-RPM

LEO REFUERZO,

     Plaintiff,

v.

JASON GALLEGOS, in his individual and official capacity,

     Defendant.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 15 2008

GREGORY C. LANGHAM
CLERK

---

## FINAL PRETRIAL ORDER

---

### 1. DATE AND APPEARANCES

Appearing on behalf of Plaintiff:

David A. Lane, Esq.
KILLMER, LANE & NEWMAN, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
(303) 571-1000

Appearing on behalf of Defendant:

Dana N. Mumey, Esq.
Adams County Attorney's Office
450 S. 4th Avenue
Brighton, CO 80601
(303) 654-6116

### 2. JURISDICTION

Plaintiff's allegations arise under the Constitution and laws of the United States,

including Article III, Section 2, Clause    of the United States Constitution and 42 U.S.C

§ 1983.  Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1343

### 3. CLAIMS AND DEFENSES

a.      **Plaintiff:**

This is an action for damages against the Defendants for violating Plaintiff's

rights under the Fourth and First Amendments to the Constitution.  Mr. Refuerzo alleges

that Defendant Gallegos violated his Fourth Amendment rights when, intentionally, knowingly, recklessly, and with deliberate indifference to his constitutional rights, he subjected him to an intrusive, unjustified, and illegal search and seizure without any basis for believing he was engaged in criminal activity. Defendant's conduct under color of state law proximately caused the deprivation of Mr. Refuerzo's federally protected rights.

On September 25, 2004, Plaintiff and a friend were in Lafayette Park in Adams County, Colorado. Plaintiff and his friend had in their possession an air rifle, which was a toy gun which shot 6 millimeter plastic BBs which are less powerful than a paintball or BB gun. Plaintiff and his friend were playing with it when they were confronted by Defendant Gallegos who had drawn his gun and aimed it at them, telling them to drop the weapon and get on the ground. Plaintiff and his friend both complied with the Defendant's lawful order. Defendant handcuffed Plaintiff and his friend, retrieved the toy gun and examined it. Plaintiff's friend was explaining to Defendant that it was a toy

Defendant at that point knew that the gun was a toy and that no criminal violation had occurred, yet kept Plaintiff in handcuffs on the ground for approximately one-half hour.

When Plaintiff and his friend attempted to explain to the Defendant that the gun was merely a toy, Defendant stepped on Plaintiff's back, placed his service weapon at the head of Plaintiff and screamed loudly "Shut the fuck up or I'll blow your fucking brains out!" Other officers appeared and an officer then told Plaintiff that he was going to jail if he did not permit the officers to search his vehicle, so Plaintiff permitted a vehicle search. Finally, the Plaintiff was freed and his toy gun was taken from him by Defendant.

2

At no time did Plaintiff ever violate any law giving any officer probable cause to believe he had violated any law. While Defendant Gallegos' first encounter with Plaintiff reasonably involved Gallegos being fearful of a weapon thus warranting him to have drawn his gun, once Gallegos ascertained that it was a toy, he was not legally justified in holding his weapon to Plaintiff's head, stepping on his back and screaming that he should "shut the fuck up or I'll blow your fucking brains out."

Mr. Refuerzo asserts two claims for relief against Defendant Gallegos: 1.) Unlawful Search in violation of the Fourth Amendment ; 2.) Unlawful Seizure in violation of the Fourth Amendment ; Both claims are brought under 42 U.S.C. § 1983.

**b.  Defenses of Defendant:**

The Plaintiff is not entitled to relief under any theory he has asserted. Deputy Gallegos used the force that was necessary for the circumstances. When Deputy Gallegos confronted the Plaintiff, he reasonably believed the Plaintiff was in possession of a weapon. Because the Plaintiff had chosen to use a toy gun in a public park that had been altered so as to remove the device indicating it was a toy, the Plaintiff assumed the risk that the toy gun would be mistaken for a real gun. Deputy Gallegos perceived a risk of injury or danger to himself or others on the basis of what he was presented with at the time-an armed man. At worst, Deputy Gallegos' actions of keeping a weapon drawn on the Plaintiff are negligent, and not reckless, and therefore do not rise to the level of excessive force. An analysis of Deputy Gallegos' actions will result in a finding that his actions were objectively reasonable in light of the facts and circumstances confronting him in that situation. Deputy Gallegos is entitled to qualified immunity.

**4.  STIPULATIONS**

3

At all pertinent times mentioned herein, Defendant Gallegos was employed as a

law enforcement officer, was acting within the scope of his duties and employment,

under color and authority of state law, and in his capacity as a law enforcement officer.

## 5.  PENDING MOTIONS

The Court is still owed the Motion to Dismiss James Hinrichs, which was done

through oral motion on February 29, 2008.

## 6.  WITNESSES

a.  Plaintiff's witnesses:

(1  will call non-expert witnesses:

Leo Refuerzo, c/o Killmer, Lane & Newman, LLP, 1543 Champa Street, Suite

400, Denver, CO 80202, (303) 571-1000.  Mr. Refuerzo is the Plaintiff in this case and

has information relevant to the subject matter of this litigation.

(2)  May call non-expert witnesses

Deane Mansfield, 6085 S. Scyamore Street, Littleton, CO 80120, (303) 794-

1798.  Mr. Mansfield was with the Plaintiff at the time of the initial contact with

Defendant Gallegos and has information relevant to the subject matter of this litigation.

Any witness endorsed by Defendant

Any witness necessary for rebuttal.

(3)  Plaintiff does not anticipate presenting any testimony of non-expert witnesses

by deposition transcript.

(4)  Disclosure of expert testimony: none

b.  Defendant's witnesses:

(1)      will call non-expert witnesses

4

Deputy Jason Gallegos, c/o Adams County Sheriff's Office, 332 N. 19th
Ave, Brighton, Colorado, (303) 413-2190. Deputy Gallegos is the named
Defendant and will testify in person about his contact with the Plaintiff on
September 25, 2004.

(2)     may call non-expert witnesses:

(a) Detective James Hinrichs, c/o Adams County Sheriff's Office, 332 N
19th Ave, Brighton, Colorado, (303) 654-1850 x 3209. Detective Hinrichs
may testify in person about the contact with the Plaintiff on September 27,
20044, the Monday after the incident

(b) Deputy Anna Ben-Joseph, current address and phone number
unknown. Deputy Ben-Joseph may testify in person that she responded to
the scene and observed Deputy Gallegos' actions during the contact with
the Plaintiff.

(c) Deputy Chris Parker, current address and phone number unknown
Deputy Parker may testify in person that he responded to the scene and
observed Deputy Gallegos' actions during the contact with the Plaintiff.

(d) Deputy John Bitterman, c/o Adams County Sheriff's Office, 332 N.
19th Ave, Brighton, Colorado, (303) 655-3801. Deputy Bitterman may
testify in person that he responded to the scene and observed Deputy
Gallegos' actions during the contact with the Plaintiff.

(e) Sergeant Colwell, c/o Adams County Sheriff's Office, 332 N. 19th Ave,
Brighton, Colorado, (303) 654-1850. Sergeant Colwell may testify in
person that he responded to the scene and observed Deputy Gallegos'

5

actions during the contact with the Plaintiff.

(e) Sergeant Kurt Ester, c/o Adams County Sheriff's Office, 4201 E. 72nd Street, Suite C, Commerce City, Colorado, (720) 322-1103.  Sergeant Ester may testify in person that he was present when the Plaintiff gave his recorded statement regarding the incident to the Adams County Sheriff's Office.

(f) Sergeant Mark Kinnear, c/o Adams County Sheriff's Office, 4201 E. 72nd Street, Suite C, Commerce City, Colorado, (720) 322-1108.  Sergeant Kinnear may testify in person that he conducted the recorded questioning of the Plaintiff at the Adams County Sheriff's Office regarding the incident.

(g)     Any witness endorsed by Defendant.

(h)     Any witness necessary for rebuttal

## 7. EXHIBITS

a.  (1) Plaintiff's exhibits:  See attached Exhibit List.

(2) Defendant's exhibits:   See attached Exhibit List.

(3) Other parties: Not applicable.

b.  Copies of listed exhibits must be provided to opposing counsel and any *pro se* party no later than five days after the final pretrial conference.  The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 11 days after the exhibits are provided.

## 8. DISCOVERY

Discovery has been completed.

6

## 9.  SPECIAL ISSUES

Raised by defense: Is there a per-se rule in the 10th Circuit that it is excessive force to

continue to hold  a weapon on an individual once the individual has submitted to the

officers show of force?

## 10.  SETTLEMENT

The undersigned counsel for the parties hereby certify that:

a.  Counsel for the parties has discussed in good faith the settlement of the case.

b   The participants in the settlement discussion included counsel for the parties.
The parties were unable to reach a settlement.

c.  The parties were promptly informed of all offers of settlement.

d.  Counsel does intend to hold future settlement conferences.

e.  It appears from the discussion by all counsel that there is a good possibility of
settlement.

f.  A settlement conference is scheduled for August 22, 2008 at 1:30 p.m. before
Magistrate Judge Craig B. Shaffer

## 11.  OFFER OF JUDGMENT

Counsel and any pro se party acknowledge familiarity with the provisions of rule

68 (Offer of Judgment) of the Federal Rules of Civil Procedure.  Counsel has discussed it

with the clients against whom claims are made in this case.

## 12.  EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this

action and the trial, and may not be amended except by consent of the parties and

approval by the court or by order of the court to prevent manifest injustice.  The

7

pleadings will be deemed merged herein. This Final Pretrial Order supersedes the

Scheduling Order. In the event of ambiguity in any provision of this Final Pretrial Order,

reference may be made to the record of the pretrial conference to the extent reported by

stenographic notes and to the pleadings

### 13. TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

1   Trial is to a jury

2   Trial is expected to take three days.

3   This matter is set for trial to jury on September 15, 2008, at 9:00 a.m., with

counsel to be present at 8:30 a.m. on the first morning of trial, in Courtroom

A, Second Floor, the Byron White United States Courthouse, 1823 Stout

Street, Denver, Colorado.

DATED this _15_ day of ___August___, 2008

BY THE COURT:

_____

Senior Judge Richard P. Matsch

APPROVED:

s/ David A. Lane

_____
David A. Lane, Esq.
KILLMER, LANE & NEWMAN, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
(303) 571-1000
ATTORNEY FOR PLAINTIFF

s/ Dana N. Mumey

_____
Dana N. Mumey, Esq.
Adams County Attorney's Office
450 S. 4th Avenue
Brighton, CO 80601
(303) 654-6116
ATTORNEY FOR DEFENDANT

8

Case No. 06-cv-01893 Judge: Page Richard P. Matsch   Defendant's Exhibit List

| EXHIBIT NUMBER | BRIEF DESCRIPTION | OFFER | STIP. | IN | OUT | REMARKS |
|---|---|---|---|---|---|---|
| A | Air-Rifle | | | | | |
| B | Rpt. Of incident by Deputy Gallegos (Cr-04-13603) | | | | | |
| C | Transcript of Recorded Stmt by plaintiff | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Case No. 06-cv-01893-RPM      Judge: Richard P. Matsch      Plaintiff's Exhibit List      Page: 1

| EXHIBIT NUMBER | BRIEF DESCRIPTION | OFFER | STIP. | IN | OUT | REMARKS |
|---|---|---|---|---|---|---|
| 1 | Police Report 10/4/06 (Defendant 1-8) | | | | | |
| 2 | Summons & Complaint (Refuerzo 1-2) | | | | | |
| 3 | Adams County Parks Rules and Regulations (Refuerzo 3-7) | | | | | |
| 4 | 2/17/05 Letter Siska-Refeurzo (Refuerzo 13, 19 or 48&49) | | | | | |
| 5 | 2/25/08 Letter Refeurzo-Siska (Refuerzo 9) | | | | | |
| 6 | 3/1/08 Letter Siska-Refuerzo (Refuerzo 8, 20, or 50&51) | | | | | |
| 7 | Photos of park (Refuerzo 21-26) | | | | | |
| 8 | Incident Report 9/27/04 (Refuerzo 27-29, 43, 44) | | | | | |
| 9 | Hinrichs Report 9/27/04 (Refuerzo 30, 32, 40) | | | | | |
| 10 | Photos of toy gun (Refuerzo 33-35 & Color photos for Plaintiff's Deposition Exhibits) | | | | | |
| 11 | Plaintiff Criminal History (Refuerzo 36-39) | | | | | |
| 12 | Counseling Records and Receipts (Refuerzo 52-77, 178-181) | | | | | |
| 13 | Medical Records Releases (Refuerzo 144-149) | | | | | |
| 14 | Audio CD of Refuerzo Phone Conversation with Sgt. Ester | | | | | |
| 15 | Audio CD containing 2:04 minutes of dispatch recordings | | | | | |
| 16 | Audio CD containing Radio Transmission 7100 Lafayette St; 2:37 minutes of dispatch recordings | | | | | |
| 17 | Audio CD containing Det. Henrich 911 Call; 2:04 minutes of dispatch recordings | | | | | |
| | | | | | | |